BEFORE THE
UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

**In re:** Digital Advertising Antitrust Litigation

MDL No. _____

# GOOGLE DEFENDANTS' MOTION FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PROCEEDINGS

Defendants Google LLC, Alphabet Inc., and YouTube, LLC (together, "Google") respectfully move this Panel under 28 U.S.C. § 1407 and Judicial Panel on Multidistrict Litigation Rule 6.2 for an order transferring twenty different actions pending in sixteen different district courts, and any later-filed cases that assert similar or related claims, to a single district court for consolidated or coordinated pretrial proceedings. Google specifically requests that the actions be transferred to and centralized before the Hon. Beth Labson Freeman in the United States District Court for the Northern District of California.

In support of their Motion, Google states as follows:

1. Twenty cases are pending in sixteen judicial districts, all alleging that Google has monopolized or suppressed competition in advertising-technology related markets.

2. The digital advertising actions will all require courts to resolve overlapping factual and legal issues. These include:

- Defining a relevant antitrust market in the digital advertising space, including whether such market constitutes a two-sided transaction platform pursuant to *Ohio v. American Express Co.*, 585 U.S. ___, 138 S. Ct. 2274 (2018)

- The participants in any antitrust market relevant to Google's ad tech
- Google's and its competitors' market shares in any antitrust market related to Google's ad tech
- How Google's ad tech interacts with competitors' ad tech
- The competitive impacts of Google's acquisitions related to ad tech
- The design and operation of Google's ad tech products and services, including changes made to the design and operation of those products and services over the course of years
- The extent to which Google's optimization of its ad tech products and services constituted competition on the merits rather than anticompetitive conduct
- What information Google does or does not provide to others in relation to its ad tech
- An allegedly competitive technology called "header bidding" -- in particular, its operation, effects, and popularity -- along with Google's competitive responses to it
- The prices that Google charges to advertisers and publishers for use of Google's ad tech, including quality-adjusted prices

3. The digital advertising actions will also require overlapping discovery. The same Google products and services are at issue in every case. Nearly all the complaints contain allegations concerning Facebook. Several actions assert a claim against Facebook. Similarly, nearly every complaint mentions Amazon, another of Google's digital advertising competitors. All parties are likely to seek discovery from these companies, as well as from other competitors and customers in the digital advertising space.

4. Transfer to and centralization before the Hon. Beth Labson Freeman in the United States District Court for the Northern District of California is appropriate and will ensure the just and efficient conduct of the actions. Judge Freeman has the first-filed action and has already consolidated eight putative class actions into two advertising technology cases (on behalf of publishers and advertisers). She has heard one motion to dismiss and has appointed interim class counsel. The Northern District of California is home to the largest number of digital advertising cases, to the most named plaintiffs, to all of the defendants, and to the majority of witnesses.

For these reasons and for the reasons provided in Google's Memorandum of Points and Authorities, Google respectfully requests that the Panel order the actions listed in the Schedule of Actions, as well as any related later-filed actions, transferred to the Northern District of California for coordinated or consolidated proceedings.

Dated: April 30, 2021                                  Respectfully submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Facsimile: (415) 947-2099
Email: jsessions@wsgr.com

Jonathan M. Jacobson
Michael S. Sommer
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 497-7758
Facsimile: (212) 999-5899
Email: jjacobson@wsgr.com
Email: msommer@wsgr.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Eric Mahr
Julie S. Elmer
FRESHFIELDS BRUCKHAUS DERINGER LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
(202) 777-4587 (Fax)
eric.mahr@freshfields.com
julie.elmer@freshfields.com

Boris Feldman
FRESHFIELDS BRUCKHAUS DERINGER LLP
2710 Sand Hill Road
Menlo Park, CA 94025
(650) 461-8200
boris.feldman@freshfields.com

*Counsel for Defendants Google LLC, Alphabet Inc., and YouTube, LLC*