**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

**NOTICE OF HEARING SESSION**

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:       **July 29, 2021**

LOCATION OF HEARING SESSION:   John Joseph Moakley
    United States Courthouse
One Courthouse Way
Boston, Massachusetts  02210-3002

TIME OF HEARING SESSION**:**       **9:30 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument **by videoconference or teleconference** and includes all actions encompassed by Motion(s) for transfer filed pursuant to Rules 6.1 and 6.2 and Orders to Show Cause filed pursuant to Rule 8.1(a). Any party waiving oral argument pursuant to Rule 11.1(d) need not participate in the Hearing Session videoconference or teleconference.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c).  Parties and counsel involved in these matters need not participate in the Hearing Session.

ORAL ARGUMENT:

- **THE PANEL WILL HEAR ORAL ARGUMENT BY VIDEOCONFERENCE OR TELECONFERENCE.**  Further details regarding how the Hearing Session will be conducted—including sign-in information, allocation of argument times, and a mandatory training session for arguing attorneys—shall be provided after the filing of the parties' Notices of Presentation or Waiver of Oral Argument. Note that the training session is not mandatory for attorneys who previously have attended a training session.

- 2 -

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument. The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district.

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **July 6, 2021**. The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

John W. Nichols
Clerk of the Panel

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**HEARING SESSION ORDER**

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on July 29, 2021, the Panel will convene a hearing session in Boston, Massachusetts, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that, in light of the ongoing COVID-19 pandemic, the Panel will hear oral argument on the matters listed on Section A of the attached Schedule **by videoconference or teleconference**, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Catherine D. Perry      Nathaniel M. Gorton
Matthew F. Kennelly     David C. Norton
Roger T. Benitez        Dale A. Kimball

SCHEDULE OF MATTERS FOR HEARING SESSION
July 29, 2021 -- Boston, Massachusetts

## SECTION A
## MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 3005 − **IN RE: BELVIQ (LORCASERIN HCl) PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs Stephanie Fuller, et al.; Deborah Steinman, et al.; Mildred Smith; Pamela Puskas, et al.; Jennifer Reynolds-Sitzer, et al.; Deborah Crawford, et al.; and Maryann Kaylor, et al., to transfer the following actions to the United States District Court for the Eastern District of Louisiana:

Northern District of Alabama

SMITH v. EISAI, INC., ET AL., C.A. No. 5:20−01278

Middle District of Florida

SCALA v. EISAI, INC., ET AL., C.A. No. 5:21−00210
BATAYEH v. EISAI, INC., ET AL., C.A. No. 6:21−00406
MARTINEZ v. EISAI, INC., ET AL., C.A. No. 6:21−00615
MILANA, ET AL. v. EISAI, INC., ET AL., C.A. No. 8:21−00831

Eastern District of Louisiana

FULLER, ET AL. v. EISAI, INC., ET AL., C.A. No. 2:20−01675

Western District of Louisiana

KAYLOR, ET AL. v. EISAI, INC., ET AL., C.A. No. 5:21−00058

Western District of Missouri

DAVIS v. EISAI, INC., ET AL., C.A. No. 4:20−00762

District of New Jersey

CRAWFORD, ET AL. v. EISAI, INC., ET AL., C.A. No. 2:21−02439

Eastern District of New York

STEINMAN, ET AL. v. EISAI, INC., ET AL., C.A. No. 1:20−02608

Northern District of New York

REYNOLDS−SITZER, ET AL. v. EISAI, INC., ET AL., C.A. No. 1:21−00145

Southern District of New York

ZOTTOLA v. EISAI, INC., ET AL., C.A. No. 7:20−02600

Western District of Oklahoma

PUSKAS, ET AL. v. EISAI, INC., ET AL., C.A. No. 5:20−00868

MDL No. 3006 − **IN RE: TASIGNA (NILOTINIB) PRODUCTS LIABILITY LITIGATION**

Motion of plaintiff Allen Garland to transfer the following actions to the United States District Court for the Southern District of Illinois or, in the alternative, the United States District Court for the District of New Jersey:

Western District of Arkansas

BURKE v. NOVARTIS PHARMACEUTICALS CORPORATION, C.A. No. 2:20−02032

District of Connecticut

COLELLA v. NOVARTIS PHARMACEUTICALS CORP, C.A. No. 3:20−00367

Middle District of Florida

TONGE v. NOVARTIS PHARMACEUTICALS CORPORATION, C.A. No. 2:20−00168
GIANCASPRO v. NOVARTIS PHARMACEUTICALS CORPORATION, C.A. No. 3:20−00346
MERCED, ET AL. v. NOVARTIS PHARMACEUTICALS CORPORATION,
    C.A. No. 8:20−00587

Southern District of Illinois

GARLAND v. NOVARTIS PHARMACEUTICALS CORPORATION, C.A. No. 3:20−00269

District of Maryland

WITT v. NOVARTIS PHARMACEUTICALS CORPORATION, C.A. No. 1:20−01249

District of New Jersey

GUSTIN, ET AL. v. NOVARTIS PHARMACEUTICALS CORPORATION, C.A. No. 2:20−02753
DEAN v. NOVARTIS PHARMACEUTICALS CORPORATION, C.A. No. 2:20−02755

District of New Mexico

HURD v. NOVARTIS PHARMACEUTICALS CORPORATION, C.A. No. 2:20−00262

Southern District of New York

LALLY v. NOVARTIS PHARMACEUTICALS CORPORATION, C.A. No. 1:20−02359

Middle District of North Carolina

DAVIS v. NOVARTIS PHARMACEUTICALS CORPORATION, C.A. No. 1:20−01127

District of North Dakota

POITRA v. NOVARTIS PHARMACEUTICALS CORPORATION, C.A. No. 3:20−00123
ISAACSON v. NOVARTIS PHARMACEUTICALS CORPORATION, C.A. No. 3:21−00057

Western District of Washington

CRAIG v. NOVARTIS PHARMACEUTICALS CORPORATION, C.A. No. 2:20−01641
PEDERSON v. NOVARTIS PHARMACEUTICALS CORPORATION, C.A. No. 3:20−05216
BECKER v. NOVARTIS PHARMACEUTICALS CORPORATION, C.A. No. 3:20−05221

Eastern District of Wisconsin

SCHIMMING, ET AL. v. NOVARTIS PHARMACEUTICALS CORPORATION,
   C.A. No. 2:21−00135

MDL No. 3009 − **IN RE: SERESTO FLEA AND TICK COLLAR MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

   Motion of plaintiff Laura Revolinsky to transfer the following actions to the United States District Court for the District of New Jersey:

Central District of California

VARGAS, ET AL. v. ELANCO ANIMAL HEALTH INCORPORATED,
   C.A. No. 2:21−02506
SCHNEIDER v. BAYER HEALTHCARE LLC, ET AL., C.A. No. 2:21−02771

Northern District of California

MERRIMAN v. BAYER HEALTHCARE LLC, ET AL., C.A. No. 3:21−02227
DPHREPAULEZZ v. BAYER HEALTHCARE LLC, ET AL., C.A. No. 3:21−02439

Southern District of Florida

CZERNIAK v. BAYER HEALTHCARE LLC, ET AL., C.A. No. 9:21−80689

Northern District of Illinois

BORCHEK, ET AL. v. BAYER HEALTHCARE LLC, ET AL., C.A. No. 1:21−02099

Eastern District of Missouri

MCDERMOTT, ET AL. v. ELANCO ANIMAL HEALTH, INC., ET AL., C.A. No. 4:21−00461

District of New Jersey

MAIORINO v. BAYER CORPORATION, ET AL., C.A. No. 2:21−07579
BOMWELL, ET AL. v. BAYER HEALTHCARE, LLC, ET AL., C.A. No. 2:21−09479
REVOLINSKY v. ELANCO ANIMAL HEALTH INCORPORATED, ET AL.,
  C.A. No. 2:21−10003

Southern District of New York

WALSH v. ELANCO ANIMAL HEALTH, INC., C.A. No. 1:21−02929
DAHLGREN v. BAYER HEALTHCARE LLC, ET AL., C.A. No. 1:21−03109

MDL No. 3010 − **IN RE: DIGITAL ADVERTISING ANTITRUST LITIGATION**

   Motion of defendants Google LLC, Alphabet Inc., and YouTube, LLC to transfer the following actions to the United States District Court for the Northern District of California:

Northern District of California

SPX TOTAL BOBY FITNESS LLC v. GOOGLE LLC, C.A. No. 4:21−00801
IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION, C.A. No. 5:20−03556
IN RE GOOGLE DIGITAL PUBLISHER ANTITRUST LITIGATION, C.A. No. 5:20−08984

District of Delaware

COASTAL POINT LLC v. GOOGLE LLC, ET AL., C.A. No. 1:21−00554

District of District of Columbia

CLIFFY CARE LANDSCAPING LLC v. FACEBOOK, INC., ET AL., C.A. No. 1:21−00360

Southern District of Indiana

AIM MEDIA INDIANA OPERATING, LLC v. GOOGLE LLC, ET AL., C.A. No. 1:21−00951

District of Maryland

FLAG PUBLICATIONS, INC. v. GOOGLE LLC, ET AL., C.A. No. 1:21−00965

Northern District of Mississippi

JOURNAL, INC. v. GOOGLE LLC, ET AL., C.A. No. 1:21−00072

Southern District of Mississippi

EMMERICH NEWSPAPERS, INCORPORATED, ET AL. v. GOOGLE LLC, ET AL.,
   C.A. No. 3:21−00274

District of New Jersey

GALE FORCE MEDIA, LLC v. GOOGLE LLC, ET AL., C.A. No. 2:21−09716

Southern District of New York

ASSOCIATED NEWSPAPERS LTD., ET AL. v. GOOGLE LLC, ET AL., C.A. No. 1:21−03446

Southern District of Ohio

AIM MEDIA MIDWEST OPERATING, LLC v. GOOGLE LLC, ET AL., C.A. No. 2:21−01915

Western District of Pennsylvania

EAGLE PRINTING COMPANY v. GOOGLE LLC, ET AL., C.A. No. 2:21−00518

Eastern District of Texas

STATE OF TEXAS, ET AL. v. GOOGLE LLC, C.A. No. 4:20−00957

Southern District of Texas

AIM MEDIA TEXAS OPERATING, LLC v. GOOGLE LLC, ET AL., C.A. No. 7:21−00150

Northern District of West Virginia

CLARKSBURG PUBLISHING COMPANY v. GOOGLE LLC, ET AL., C.A. No. 1:21−00051

Southern District of West Virginia

HD MEDIA COMPANY, LLC v. GOOGLE LLC, ET AL., C.A. No. 3:21−00077
ECENT CORPORATION v. GOOGLE LLC, C.A. No. 5:21−00251

Eastern District of Wisconsin

BROWN COUNTY PUBLISHING COMPANY, INC., ET AL. v. GOOGLE LLC, ET AL.,
 C.A. No. 1:21−00498

MDL No. 3011 − **IN RE: NEW YORK AREA EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) AND EMPLOYMENT PRACTICES LITIGATION (NO. II)**

Motion of Defendant Employee Class to transfer the following actions to the United States District Court for the Eastern District of New York:

Northern District of New York

ORISKA CORPORATION v. HIGHGATE LTC MANAGEMENT, LLC, ET AL.,
 C.A. No. 1:21−00104
ORISKA CORPORATION v. TROY OPERATING CO. LLC (DIAMOND), ET AL.,
 C.A. No. 1:21−00106
ORISKA CORPORATION v. NISKAYUNA OPERATING CO., LLC, ET AL.,
 C.A. No. 1:21−00109

Southern District of New York

ORISKA CORPORATION v. BAY PARK CENTER FOR NURSING AND REHABILITATION,
 ET AL., C.A. No. 1:21−00762

## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2244 − **IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

    Opposition of plaintiff Rosalie Murphy to transfer of the *Murphy* action to the United States District Court for the Northern District of Texas and motion of defendant Johnson & Johnson Healthcare System to transfer the *Battle* action to the United States District Court for the Northern District of Texas:

    Middle District of Alabama

    THE ESTATE OF VICKIE JEAN BATTLE v. EAST ALABAMA MEDICAL CENTER, ET AL., C.A. No. 3:21−00339

    District of Montana

    MURPHY v. KB ORTHOPEDICS, INC., ET AL., C.A. No. 4:21−00049

MDL No. 2738 − **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

    Opposition of plaintiff Manuel Valdez to transfer of the following action to the United States District Court for the District of New Jersey:

    Southern District of California

    VALDEZ v. JOHNSON & JOHNSON CONSUMER INC., ET AL., C.A. No. 3:21−00873

MDL No. 2741 − **IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION**

    Opposition of plaintiff Nancy C. Salas to transfer of the following action to the United States District Court for the Northern District of California:

    Southern District of Florida

    SALAS v. MONSANTO COMPANY, ET AL., C.A. No. 1:21−21217

MDL No. 2804 − **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**

Opposition of plaintiff Harris County Hospital District to transfer of the following action to the United States District Court for the Northern District of Ohio:

<u>Southern District of Texas</u>

HARRIS COUNTY HOSPITAL DISTRICT v. MCKESSON CORPORATION, ET AL., C.A. No. 4:21−01450

MDL No. 2875 − **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Ulysses Payne to transfer of the following action to the United States District Court for the District of New Jersey:

<u>Northern District of Alabama</u>

PAYNE v. CAMBER PHARMACEUTICALS, INC., ET AL., C.A. No. 7:21−00495

MDL No. 2885 − **IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Northern District of Florida:

<u>District of Minnesota</u>

ADAMS, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−00903
BARHAM, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−00905
BLIVEN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−00908
COOK, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−00909
JACOBS, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−00910
ACKERMAN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−01098
PERRY v. 3M COMPANY, ET AL., C.A. No. 0:21−01101
KEEN v. 3M COMPANY, ET AL., C.A. No. 0:21−01104

MDL No. 2913 − **IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Karen Browne to transfer of the following action to the United States District Court for the Northern District of California:

<u>Northern District of New York</u>

BROWNE v. JUUL LABS, INC., ET AL., C.A. No. 3:21−00468

MDL No. 2924 − **IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Marina Golden to transfer of the following action to the United States District Court for the Southern District of Florida:

<u>Central District of California</u>

GOLDEN v. SANOFI−AVENTIS U.S., LLC, ET AL., C.A. No. 2:21−03793

MDL No. 2989 − **IN RE: JANUARY 2021 SHORT SQUEEZE TRADING LITIGATION**

Opposition of plaintiff Taylor Thompson to transfer of the following action to the United States District Court for the Southern District of Florida:

<u>Central District of California</u>

THOMPSON v. ROBINHOOD FINANCIAL LLC, C.A. No. 2:21−02230

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

    (a)    <u>Schedule</u>. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

    (b)    <u>Oral Argument Statement</u>. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard.  Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

        (i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

    (c)    <u>Hearing Session</u>. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

        (i) the dispositive issue(s) have been authoritatively decided; or

        (ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.  Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

    (d)    <u>Notification of Oral Argument</u>. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

        (i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

        (ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

    (e)    <u>Duty to Confer</u>. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

    (f)    <u>Time Limit for Oral Argument</u>. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.