BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: Digital Advertising Antitrust Litigation | MDL No. 3010 |

**GOOGLE DEFENDANTS' RESPONSE TO PLAINTIFF STATE OF TEXAS' SUPPLEMENTAL INFORMATION TO THE PANEL CONCERNING GOOGLE'S MOTION FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA**

The State Plaintiffs in *Texas v. Google, LLC*, No. 4:20-cv-957-SDJ (E.D. Tex.) seek to limit the Panel's options for consolidation by moving Judge Jordan in the Eastern District of Texas for leave to amend their complaint to jettison their *parens patriae* claim for damages under Section 4C of the Clayton Act. Dkt. 109. That claim was, until now, one of the centerpieces of the Texas case.[1] After last week's hearing before this Panel, however, the State Plaintiffs apparently have decided to abandon their Sherman Act damages claims on behalf of the citizens of their respective states in order to prevent the Panel from consolidating their case for trial. For the reasons below, the State Plaintiffs' last minute attempt to repackage their complaint should not impact the Panel's analysis on consolidation for trial under Section 1407(h), and has no effect whatsoever on centralization under Section 1407(a).

*First*, the State Plaintiffs present their motion for leave to amend their complaint as if that motion has already been granted. It has not. Google has reserved its right to oppose the State Plaintiffs' motion for leave to amend and is exploring whether an amendment made to limit the Panel's options for centralization constitutes an improper purpose under Rule 15 of the Federal Rules of Civil Procedure.[2] *Second*, even aside from Rule 15, the State Plaintiffs

---

[1] *See* Transcript of Oral Arguments Mot. to Transfer Venue, *Texas v. Google, LLC*, 4:20-CV-957-SDJ (E.D. Tex. Mar. 18, 2021) at 32:6-9 ("Texas is here in parens patriae on behalf of its own citizens for harm that occurred in its own state. And the same is true for the other sovereigns"); at 99:20-22 ("We do – we're the State of Texas. We are here on parens patria, and we are a – patriae.").

[2] For example, in the context of removal to federal court, courts have denied joinder of parties added for the purpose of destroying diversity jurisdiction. *See, e.g.*, *Croswait v. Wilmington Sav. Fund Soc'y FSB*, 2019 WL

1

may not be able to so casually abandon their *parens patriae* claims.  Section 4C of the Clayton Act provides that "[a]n action under subsection (a)(1) shall not be dismissed or compromised without the approval of the court, and notice of any proposed dismissal or compromise shall be given in such manner as the court directs."  15 U.S.C. § 15C(c).[3]  Consequently, the operative Texas complaint before this Panel remains the complaint asserting a *parens patriae* claim for damages under Section 4C of the Clayton Act, and will remain so until Judge Jordan rules otherwise.

Moreover, the State Plaintiffs' motion to amend in no way alters the strong case for pretrial centralization under Section 1407(a).  Their proposed (second) amended complaint does not eliminate the significant legal and factual overlaps with the other cases before the Panel because it continues to assert claims for injunctive relief under Sections 1 and 2 of the Sherman Act for the same underlying conduct.  Google's Mot. at 10-11.  In fact, as private plaintiffs seeking injunctive relief under the federal antitrust laws,[4] the State Plaintiffs are held to the same equitable standards that would apply to the private suits. Further, the State Plaintiffs' abandonment of their *parens patriae* damages claim does nothing to alleviate inconvenience to parties and non-parties from duplicative discovery in multiple district courts across the country.  *See id.* 11-12.  Nor does the State Plaintiffs' new complaint promote the just and efficient conduct of this litigation, which, without centralization, would require

---

8755074, at *5-6 (E.D. Tex. Dec. 13, 2019), *report and recommendation adopted*, 2020 WL 1242449 (E.D. Tex. Mar. 16, 2020); *Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1119-20 (N.D. Cal. 2006); *Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 363-65 (S.D.N.Y. 2003).

[3] In *In re Mid-Atl. Toyota Antitrust Litig.*, 585 F. Supp. 1553 (D. Md. 1984), the court allowed the plaintiff states to settle their 15 U.S.C. § 15C(c) claims only after it reviewed and approved the proposed settlement and notice plan.  *See also In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 216 F.R.D. 197, 202 (D. Me. 2003) ("In *parens patriae* lawsuits, the Clayton Act requires that the State Attorneys General provide notice to [the residents they represent].").

[4] In asserting their claims for injunctive relief under Section 16 of the Clayton Act, the State Plaintiffs do so as private plaintiffs.  *See Cal. v. Am. Stores Co.*, 495 U.S. 271, 296 (1990) (noting that California, unlike the United States, is a private litigant for purposes of 15 U.S.C. § 26); *N.Y. v. Facebook*, 2021 WL 2643724, at *49 (D.D.C. June 28, 2021) ("In pursuing injunctive relief, however, the States appear before the Court as private parties, not as sovereign law enforcers.") (quoting with approval DOJ Amicus Brief in *New York v. Microsoft Corp.*, No. 98-1233 (D.D.C. Apr. 15, 2002), https://bit.ly/3fJDlVw).

multiple judges to consider the same issues, with all the attendant inefficiency and risk of conflicting rulings. *See id.* 12-14.

Accordingly, the Panel should centralize the Texas case and all of the other cases in the Northern District of California, and should consolidate the Texas case for both pretrial purposes and for trial.

Dated: August 5, 2021                                  Respectfully submitted,

                                                       */s/ Justina K. Sessions*
                                                       Justina K. Sessions
                                                       WILSON SONSINI GOODRICH & ROSATI
                                                       Professional Corporation
                                                       One Market Plaza
                                                       Spear Tower, Suite 3300
                                                       San Francisco, California 94105
                                                       Telephone: (415) 947-2197
                                                       Facsimile: (415) 947-2099
                                                       Email: jsessions@wsgr.com

                                                       Jonathan M. Jacobson
                                                       Michael S. Sommer
                                                       WILSON SONSINI GOODRICH & ROSATI
                                                       Professional Corporation
                                                       1301 Avenue of the Americas, 40th Floor
                                                       New York, New York 10019
                                                       Telephone: (212) 497-7758
                                                       Facsimile: (212) 999-5899
                                                       Email: jjacobson@wsgr.com
                                                       Email: msommer@wsgr.com

                                                       Eric Mahr
                                                       Julie S. Elmer
                                                       FRESHFIELDS BRUCKHAUS DERINGER LLP
                                                       700 13th Street NW, 10th Floor
                                                       Washington, D.C. 20005
                                                       Telephone: (202) 777-4545
                                                       Facsimile: (202) 777-4587
                                                       Email: eric.mahr@freshfields.com
                                                       Email: julie.elmer@freshfields.com

Boris Feldman
FRESHFIELDS BRUCKHAUS DERINGER LLP
2710 Sand Hill Road
Menlo Park, California 94025
Telephone: (650) 461-8200
Email: boris.feldman@freshfields.com

*Counsel for Defendants Google LLC, Alphabet Inc., and YouTube, LLC*