**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: DIGITAL ADVERTISING ANTITRUST LITIGATION | MDL No. 3010 |

**PLAINTIFFS ASSOCIATED NEWSPAPERS LTD. AND MAIL MEDIA INC.'S RESPONSE TO STATES' SUPPLEMENTAL INFORMATION TO THE PANEL**

The States' decision to forgo money damages for their federal antitrust claims should make this Panel's decision easier. When, as here, (1) there will be no competing money damages claims under federal antitrust laws that require sorting out damage awards between State plaintiffs and class action plaintiffs, (2) the 17 States have already centralized themselves in a single district that is not clearly less convenient than the antitrust defendant's requested forum, *see Texas v. Google LLC*, No. 4:20-cv-00957, 2021 WL 2043184 (E.D. Tex. May 20, 2021) (denying Google's motion to transfer under Section 1404), and (3) faster enforcement of the antitrust laws will be achieved by leaving the States in their current forum, Section 1407 should be applied by the Panel to leave the States' case where it is.

Congress, in passing 28 U.S.C. § 1407(g), addressed similar circumstances and decided to prioritize prompt governmental antitrust enforcement above the convenience of antitrust defendants. Section 1407(g) precludes the Panel from moving enforcement actions brought by the United States when it seeks to enjoin violations of the antitrust laws. 28 U.S.C. § 1407(g). That exemption does not, however, extend to actions to recover damages brought by the United States in its proprietary capacity. *Id*. In making the policy judgment to leave government enforcement actions undisturbed by transfer, Congress recognized the "occasional[ ] burden" it might place on antitrust defendants by requiring them to potentially "answer similar questions posed both by the Government and by private parties." H.R. Rep. No. 90-1130, at 8 (1968). But

those burdens were "justified by the importance to the public of securing relief in antitrust cases as quickly as possible." *Id*. As the Department of Justice stated at the time of the JPML's creation, treating government suits differently from private suits "is not arbitrary" – "the Government seeks to protect the public from competitive injury, while private parties are primarily interested in recovering damages for injuries already suffered." *Id*. The Judicial Conference "concurred" with that distinction. *Id*. at 5. Here, 17 State Attorneys General have centralized themselves in order to "protect the public from competitive injury" at Google's hands. And they are forgoing the opportunity to collect damages on behalf of their citizens in order to secure that relief more quickly. Permitting them to remain in their current forum and relieving them of the "certain[ ] . . . delay[ ]" that would attend centralization is consistent with the Congressional policy of swift antitrust enforcement embodied in Section 1407(g). *Id*.

Before the passage of the venue transfer provisions of Sections 1404 and 1407, the Supreme Court refused to allow antitrust defendants' convenience to determine forum selection. In *United States v. National City Lines, Inc.*, 334 U.S. 573 (1948), the Supreme Court confronted the question whether a plaintiff's choice of forum for an antitrust action was "subject to qualification by judicial application of the doctrine of forum non conveniens." *Id*. at 575. The Court explained that in providing antitrust plaintiffs with nationwide venue for their claims, 15 U.S.C. § 22, Congress's aim was to "provide broader and more effective relief" from anticompetitive conduct by making antitrust suits "less inconvenient for *plaintiffs*," *Nat'l City Lines*, 334 U.S. at 581 (emphasis added). "[P]ermitting the application of forum non conveniens to antitrust cases," the Court noted, "inevitably would lengthen litigation already overextended in the time required for its final disposition, and would violate Congress' declared policy of expediting this type of litigation." *Id*. at 589. Subjecting the 17 State Attorneys General to

precisely the kind of delay Congress sought to avoid in passing 15 U.S.C. § 22 would similarly run afoul "Congress' declared policy of expediting" antitrust litigation.

Trial in the Eastern District of Texas is set for June of 2023.  Scheduling Order at 4, *Texas v. Google LLC*, No. 4:20-cv-00957 (E.D. Tex. May 21, 2021), ECF No. 123.  In September 2020, Judge Freeman informed the advertising plaintiffs – then the only related plaintiffs before her – that, because of the Northern District of California's heavy docket, she was already scheduling trials "well into 2023."  Hr'g Tr. at 16:20-24, Sept. 24, 2020, *In re Google Digit. Advert. Antitrust Litig.*, No. 5:20-cv-03556 (N.D. Cal.), ECF No. 36.  Eleven months later, and with the possible addition of more than a dozen cases to that already full docket, a trial in California is likely years away.

Date:  August 6, 2021

Respectfully submitted,

/s/ *John Thorne*
John Thorne
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Tel:  (202) 326-7900
Fax:  (202) 326-7999
Email: jthorne@kellogghansen.com

*Counsel for Associated Newspapers Ltd. and Mail Media, Inc.*

3