# EXHIBIT A

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE: DIGITAL ADVERTISING ) MDL No. 3010
ANTITRUST LITIGATION )

**PUBLISHER PLAINTIFFS' RESPONSE TO
STATE OF TEXAS' SUPPLEMENTAL INFORMATION**

The Supplemental Information filed by the State of Texas on August 4, 2021, R. 109, further supports Publisher Plaintiffs' arguments that transfer and centralization with Texas is unnecessary. By amending its complaint to remove its request for damages under Section 4C of the Clayton Act, Texas has merely acted consistent with what the law already made apparent – namely, that there was no risk that those damages would overlap with the damages sought by the Publisher Plaintiffs.[1] As Publisher Plaintiffs explained at the hearing before this Panel, the plain language of Section 4C expressly precludes Texas from seeking *parens patriae* damages on behalf of business entities, 15 U.S.C. § 15c(a)(1)(B)(ii), which comprise the putative class the Publisher Plaintiffs seek to represent. And to the extent Texas sought *parens patriae* damages on behalf of private individuals, counsel for Texas admitted at the hearing that its theory of those damages was that sellers that overpaid to advertise their products due to Google's unlawful conduct passed those overpayments on to consumers by raising the price of their products. That theory is squarely foreclosed by the Supreme Court's decision in *Illinois Brick Co. v. Illinois*,

---

[1] While Google correctly notes that Texas has not yet been granted leave to amend its complaint, R. 117 at 1, Google offers no reason that leave will be denied, other than Google's inexplicable belief that amending a complaint to avoid the undeniable expense and inconvenience of having a suit transplanted halfway across the country for pretrial proceedings, *see In re Concrete Pipe*, 302 F. Supp. 244, 254-55 (J.P.M.L. 1969) (Weigel, J., concurring), is somehow an "improper purpose" warranting denial of an amendment, R. 117 at 1. No reason being offered to believe Texas will be denied leave to amend, it is appropriate to assume that this amendment will be allowed pursuant to the liberal federal policy favoring such leave.

1

431 U.S. 720 (1977), which establishes a "bright-line rule" that plaintiffs lacking a direct relationship with an antitrust defendant may not seek relief under the antitrust laws. *Apple Inc. v. Pepper*, 139 S. Ct. 1514, 1520 (2019). By abandoning its claim for *parens patriae* damages under section 4C, Texas has obviated the need for pretrial litigation to address these issues, thus eliminating the risk of inconsistent rulings regarding those issues and making centralization of Publisher Plaintiffs' action with Texas' suit even more inappropriate than it already was when that claim remained.

WHEREFORE, for the reasons stated above, and in Publisher Plaintiffs' response in opposition to Google's motion for transfer and centralization, this Panel should deny Google's motion to centralize without prejudice. In the alternative, if the Panel determines that centralization of some actions is appropriate, Publisher Plaintiffs respectfully request that the Panel transfer such non-state actions, i.e., excluding the Texas action, to the Northern District of California for pretrial proceedings before Judge Freeman.

| | |
|---|---|
| Dated: August 6, 2021 | BOIES SCHILLER FLEXNER LLP |
| | By: */s/ Philip C. Korologos* <br> Philip C. Korologos <br> pkorologos@bsfllp.com <br> BOIES SCHILLER FLEXNER LLP <br> 55 Hudson Yards, 20th Floor <br> New York, NY 10001 <br> Tel.: (212) 446-2300 / Fax: (212) 446-2350 |
| | *Attorneys for Plaintiffs Genius Media Group, Inc., Sterling International Consulting Group, The Nation Company, L.P., and The Progressive, Inc.* |