**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | MDL No. 3010 |
| THIS DOCUMENT RELATES TO: Inform Inc. v. Google LLC et al. | 1:19-cv-05362-JPB |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO VACATE CONDITIONAL TRANSFER ORDER NO. 9**

Inform's argument in favor of transfer boils down to two unsupported assertions. First, Inform claims that its complaint raises many of the same issues as the MDL. That is a vast overstatement of the similarities between Inform's complaint and the allegations in the already-transferred actions. Most importantly, Inform's complaint contains no allegations relating to either header bidding or the alleged 2018 agreement between Google and Facebook, the two central conduct issues that the Panel identified in creating the MDL. Second, Inform asserts that its complaint does not center on Google's technological transition from Flash to HTML-5. That assertion is even more far-fetched, and even a cursory review of the complaint reveals that assertion to be false. The Flash issue will predominate over any common questions of fact that do exist between the Inform Action and the MDL. As the Eleventh Circuit recognized, "Inform focuses on Google's decision to transition from Flash to HTML5." *Inform Inc. v. Google LLC*, 2022 WL 3703958, at *2 (11th Cir. Aug. 26, 2022). For that reason, even if there are some common issues of fact shared by the Inform Action and the actions already transferred to the MDL, the Panel should vacate Conditional Transfer Order No. 9 ("CTO-9") as to Inform.

## ARGUMENT

**I.      This Action Should Not be Transferred Because Individual Questions in Inform's Case Will Predominate Over Common Questions of Fact with the MDL cases.**

The Panel has made clear that even where there are "some common questions of fact," if "the non-common issues predominate," the "purpose of Section 1407" is not furthered by transfer. *In re Seeburg-Commonwealth United Merger*, 333 F. Supp. 911, 912 (J.P.M.L. 1971). For that reason, Inform's assertion that "the Inform Action involves one or more common questions of fact with the MDL," Opp. 8, is not enough to justify transfer to the MDL. Inform's complaint sprinkles in a number of allegations that raise issues ancillary to Inform's central claim—that it lost business when Google Chrome and YouTube transitioned from Flash to HTML-5—but plainly those ancillary issues do not predominate over the individual questions in the Inform Action. Inform has no response to the lack of overlap on the Flash issue except to assert, without basis, that its Complaint does not center on Flash and that its Complaint also contains allegations related to some of the same issues raised by the MDL actions. Neither response is persuasive.

Inform lists several common questions of fact that it argues are present in the Inform Action and in the MDL. Opp. 8. First of all, as to several of the supposedly common questions of fact, Inform's assertion is wrong on its face. Inform first claims that both the Inform Action and the MDL involve "defining the relevant market for online display advertising services." *Id*. But Inform's complaint names as purported antitrust markets "the online advertising and online video advertising markets." First Amended Complaint, No. 1:19-cv-05362, ECF 35 ¶ 2 ("FAC"). Those are not the same as the online display advertising services market. And as to Inform's claim that the Inform Action raises the same tying arrangements as the MDL, Inform barely mentioned that

claim in its lengthy complaint and, even if it had, it plainly has no standing to raise such a claim.  *See* Mot. 6, n.1.

Moreover, any common questions of fact are secondary to Inform's claim regarding Flash.  In the Panel's Order Vacating Conditional Transfer Order 7 in this action, the Panel recognized that the underlying action "undoubtedly raise[d] factual questions concerning the Google-Facebook agreement that overlap[ped] with the Google-Facebook agreement questions in the MDL."  Order Vacating Conditional Transfer Order, No. 3:20-cv-08570, EFC 30 (June 1, 2022), at 2.  Nonetheless, the Panel vacated that CTO because "the non-common issues" in the underlying action "far exceed[ed] the common issues."  *Id*.  "In particular, the principal allegations" in the underlying action were "not an issue in the MDL."  *Id*.

So too here, some of the allegations in Inform's complaint raise factual issues that are at play in the MDL.  But the principal allegations in Inform's complaint all relate to the transition away from Flash technology, and that claim has nothing to do with the alleged anticompetitive conduct at issue in the MDL.  As support for its assertion that the complaint is about more than Flash, Inform relies on an isolated paragraph in the Eleventh Circuit opinion.  Opp. 9.  But Inform ignores that the court described Inform's complaint as focusing "on Google's decision to transition from Flash to HTML5" and that the harm to Inform that the Eleventh Circuit identified was Inform's loss of customers due to Google's changed policies regarding video advertisements.  *Inform Inc.*, 2022 WL 3703958, at *2.  Judge Boulee likewise construed Inform's complaint as centering on the harm to Inform resulting from Google's transition to HTML.  Order, No. 1:19-cv-05362, ECF 51, at 5-7 ("MTD Order").  In other words, both the Eleventh Circuit and Judge Boulee recognized that the principal allegations in Inform's complaint all have to do with the transition away from Flash technology.  That claim has nothing to do with the alleged

anticompetitive conduct at issue in the MDL.  For that reason, the Panel should vacate CTO-9 as to Inform.

The cases that Inform cites, Opp. 10-11, confirm that transfer here would contravene Section 1407.  *In re Avandia Marketing*, 543 F. Supp. 2d 1376 (J.P.M.L. 2008), involved an MDL formed for actions alleging failure to warn of increased risk of heart attack and other injuries associated with certain diabetes drugs.  *Id*. at 1378.  Certain actions challenged the same conduct but also raised claims concerning the marketing and promotion of one of the drugs.  The Panel determined those individual issues did not bar transfer.  But here, Inform's complaint makes no mention of "header bidding," the specific conduct that the Panel determined justified centralization, or of the alleged 2018 "secret agreement" between Google and Facebook.  In terms of challenged conduct, the Inform Action has nothing in common with the already-transferred actions.  For the same reason, Inform does not "assert substantially similar claims as those now pending in the MDL," which the Panel found justified the transfer in *In re Generic Digoxin and Doxycycline Antitrust Litig.*, 222 F. Supp. 3d 1341 (J.P.M.L. 2017).[1]

Finally, in *In re Sugar Industry Antitrust Litig.*, 395 F. Supp. 1271 (J.P.M.L. 1975), the parties opposing transfer argued that certain actions bore "virtually no resemblance" to the other actions the Panel planned to transfer.  *Id*. at 1272.  But the Panel disagreed, concluding that all of the actions shared "common questions of fact on the economic and conspiratorial issues," which in that case involved alleged conspiracies to fix the price of sugar and prevent and suppress the

---

[1] Inform's assertion that "the various plaintiffs in the MDL" recognized "that Inform was the first-filed ad-tech case" also does little to help their case.  First of all, Inform's counsel represents some of those plaintiffs.  And in any event, Google has never suggested that the Inform action has anything to do with the other cases transferred to the MDL.  Moreover, despite asserting that the Inform Action was the first ad-tech case, Inform's counsel did not attempt to join the MDL until now (over a year after formation of the MDL).  Inform's delay is inexplicable, and the Panel should not accept its belated attempt to forum shop.

sale of private label sugar.  *Id*. at 1273.  Here, in contrast, as explained above, Inform does not challenge the conduct that the Panel previously found warranted centralization, namely header bidding and the alleged agreement between Facebook and Google.

In sum, the central claim in Inform's complaint has nothing to do with any of the other issues raised in the MDL and the complaint does not raise several issues that the MDL actions do raise.  The Panel should therefore vacate CTO-9.  *See* Mot. 5, 7; *see also In re CP4 Fuel Pump Mktg., Sales Practices, and Prods. Liab. Litig.*, 412 F. Supp. 3d 1365, 1366 (denying motion for centralization because "notwithstanding the existence of certain common factual issues," the cases also presented numerous individualized issues).

## II.    Justice and Efficiency Are Not Promoted by Transfer of Inform's Case to the MDL.

The transfer of this matter would not serve justice or efficiency.  Inform has no response at all to the reality that the discovery in Inform's case would necessarily be case-specific.  Only Inform raises the issue of Google following the industry-wide transition from Flash-based advertisements to HTML5-based content, and therefore only the Inform Action will require discovery on that topic.  That is reason alone to vacate CTO-9 as to Inform.  Mot. 8; *see also In re Credit Union Checking Account Overdraft Litig.*, 158 F. Supp. 3d 1363, 1364 (J.P.M.L. 2016) (refusing to centralize where "discovery in each action [would] be chiefly, and perhaps even entirely, unique to that action").  Nor does Inform have any answer to the contrast between Inform's single-issue case and the more complex actions already a part of the MDL.  That likewise provides reason enough to vacate CTO-9.  Mot. 8.

Inform suggests that Judge Boulee of the Northern District of Georgia will be less familiar with the 12(b)(6) arguments in Google's third motion to dismiss because Judge Boulee's first two dismissals of the action focused on whether Inform's complaint was a shotgun pleading.  But the second time that Judge Boulee dismissed Inform's complaint, he also did so on antitrust standing

grounds.  That separate and independent holding required Judge Boulee to consider the harm to itself that Inform alleged in the complaint as a result of Google's conduct as well as whether that conduct impacted competition apart from Inform.  MTD Order 15-17.  Moreover, to determine whether Inform was an efficient enforcer of its claim, Judge Boulee had to consider the causal chain that Inform alleged resulted from Google's transition away from HTML5.  Unlike Judge Boulee, Judge Castel has no familiarity with the Flash issue that is the heart of Inform's complaint.  Because Judge Boulee has already invested time and resources on Inform's specific claims, transfer to the MDL would frustrate both justice and efficiency.

## **CONCLUSION**

The issues of fact that predominate in Inform's action are case-specific and distinct from the issues presented in the MDL.  Moreover, permitting Judge Boulee, who already has resolved two motions to dismiss, to resolve the outstanding 12(b)(6) issues would promote justice and efficiency.  For those reasons, Defendants respectfully ask the Panel to vacate CTO-9.


Dated:  November 22, 2022                    Respectfully submitted,

                                             /s/ *John E. Schmidtlein*

                                             John E. Schmidtlein
                                             Williams & Connolly LLP
                                             680 Maine Avenue SW
                                             Washington DC 20024
                                             (202) 434-5000
                                             Jschmidtlein@wc.com

                                             Counsel for Defendants Google LLC,
                                             Alphabet, Inc., and YouTube, LLC