BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | MDL. No. 3010 |

*This document relates to:*

| | |
|---|---|
| STATE OF TEXAS, et al.,<br><br>*Plaintiffs,*<br><br>-against-<br><br>GOOGLE LLC,<br><br>*Defendant.* | No. 1:21-cv-06841 (PKC) (S.D.N.Y.)<br>No. 4:20-cv-957 (SDJ) (E.D. Tex.) |

**DEFENDANT GOOGLE LLC'S EMERGENCY MOTION FOR STAY PENDING APPEAL BY WRIT OF MANDAMUS, FOR A TEMPORARY ADMINISTRATIVE STAY PENDING CONSIDERATION OF THIS MOTION, AND TO EXPEDITE BRIEFING AND CONSIDERATION OF THIS MOTION**

Boris Feldman
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
(650) 461-8200
boris.feldman@freshfields.com

Eric Mahr
Julie S. Elmer
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com
julie.elmer@freshfields.com

*Counsel for Defendant Google LLC*

Google LLC respectfully moves this Panel under Rules 6.1 and 6.3 to stay the Remand Order that it entered on June 5, 2023 ordering this action be remanded to the Eastern District of Texas. The Panel concluded that a statutory amendment enacted by Congress late last year to exempt antitrust actions brought by state attorneys general from inclusion in multidistrict litigations applied retroactively to *undo* transfers that had already occurred before the statutory enactment. Nothing in the text of the amendment expressed Congress's intent to affect cases like this one that had already been included in an MDL before the law changed. Still, on June 5, 2023, in a first-of-its-kind ruling, the Panel interpreted the amendment to apply retroactively to state antitrust enforcement actions already pending in MDLs and ordered that this case be remanded to the Eastern District of Texas. *See* JPML Dkt. 250.

Google's sole remedy is to seek mandamus relief from the Second Circuit. 28 U.S.C. § 1407(e). Google plans to do so and is preparing its mandamus petition now. It intends to file that petition as soon as practicable, and by no later than Tuesday, June 20, 2023, which is two weeks after the Remand Order issued. A stay of the Remand Order will ensure the Second Circuit can grant a writ of mandamus to reverse the Remand Order if it agrees with Google on the correct statutory interpretation. *See In re Warrick*, 70 F.3d 736, 739-40 (2d Cir. 1995).

Google also requests that the Panel enter a temporary administrative stay by **5:00 p.m. on Monday, June 12, 2023**, so that this emergency motion for a stay pending writ of mandamus can be considered and ruled upon before the transfer is effectuated.

In support of its motion, Google states as follows:

1.On June 5, 2023, the Panel granted the State Plaintiffs' motion for remand. It is Google's understanding that the Panel notified both the Southern District of New York and the Eastern District of Texas courts that it had done so on that same date.

2. Under Local Rule 83.1 of the Southern District of New York, that court may effectuate the transfer of this case on June 13, 2023—which is after the "expiration of seven (7) days" from this Panel's transfer ruling. S.D.N.Y. Loc. Civ. R. 83.1.

3. Once transfer occurs, Google risks the Second Circuit concluding that it can no longer issue a writ of mandamus to reverse the Remand Order. Indeed, the reason for the local rule precluding transfers for 7 days after a transfer ruling is to enable parties to seek, and courts or this Panel time to enter, a stay of the transfer. *See* S.D.N.Y. Loc. Civ. R. 83.1 (Committee Note).

4. Google meets the standard for a stay pending mandamus. Google's mandamus petition will raise a substantial question of first impression and is likely to succeed on the merits, even under the demanding standard for mandamus review. A stay will avoid irreparable harm to Google by ensuring Google's right to seek a writ of mandamus reversing the Remand Order and Google's access to MDL proceedings—the efficiencies of which will be irreparably lost once this case is transferred. Moreover, a stay poses no risk of injury to State Plaintiffs, who have actively engaged with this litigation through the MDL both before and after Congress amended 28 U.S.C. § 1407(g) to exempt state antitrust suits from MDL consolidation. Since the statutory amendment, the State Plaintiffs—among other litigation activities—have served discovery requests for production of documents on Google, obtained permission to file and filed a Fourth Amended Complaint, and participated in negotiations over a discovery coordination order which gives them access to additional discovery from another parallel proceeding.

5. **Google requests an administrative stay of this Panel's Remand Order be entered by 5:00 p.m. Eastern Time on Monday, June 12, 2023, and that the Southern District of New York be notified immediately of the administrative stay**. Such a modest,

temporary administrative stay will ensure that the Panel can consider Google's motion for a stay pending mandamus review, and will ensure that the Second Circuit has jurisdiction to grant a writ of mandamus reversing the Remand Order.

6. If this Panel is inclined to deny an administrative stay or Google's requested stay pending appeal, Google still requests an administrative stay of at least seven days to allow Google the opportunity to seek stay relief from the Second Circuit.

7. Through a letter to Judge Castel, Google intends to notify the Southern District of New York today that it has filed this emergency motion seeking a stay and an administrative stay and to request that Judge Castel stay the Panel's order to prevent transfer by the Southern District of New York's Clerk's Office.

8. Google also requests expedited briefing and consideration of this motion. Under Rule 6.1(e) the Panel Clerk may "shorten or enlarge the time periods" set forth for considering motions as necessary under the circumstances. As explained in greater detail in the accompanying memorandum, given the imminent transfer of this action to the Eastern District of Texas, expedited consideration is necessary to preserve Google's opportunity to request, and the Second Circuit to grant, a writ of mandamus reversing the Remand Order.

Dated: June 12, 2023          Respectfully submitted,

/s/ Eric Mahr

Eric Mahr
Julie S. Elmer
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
(202) 777-4545

Boris Feldman
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
(650) 461-8200