BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | MDL No. 3010 |

*This Document Relates To:*

| | |
|---|---|
| STATE OF TEXAS, et. al., | No. 1:21-cv-06841 (PKC) (S.D.N.Y.) |
| *Plaintiffs,* | No. 4:20-cv-957 (SDJ) (E.D. Tex.) |
| -against- | |
| GOOGLE LLC, | |
| *Defendant.* | |

**THE PLAINTIFF STATES' EMERGENCY MOTION TO LIFT THE ADMINISTRATIVE STAY (RULING REQUESTED BY JUNE 16)**

i

## INTRODUCTION

This Panel should dissolve or greatly shorten the stay it entered yesterday and should expedite the briefing and consideration of Google's Emergency Motion for Stay Pending Appeal by Writ of Mandamus. Defendant Google filed an emergency motion requesting a "modest, temporary administrative stay," Dkt. 251 at 3, so the Panel could consider its stay pending its forthcoming writ of mandamus. Google asked the Panel to rule by 5:00 p.m. the very day it filed its motion, affording the Plaintiff States no opportunity to respond. Without any adversarial process whatsoever, and without finding a single one of the stay factors satisfied, the Panel gave Google far more than it asked for: an administrative stay until some point *after* July 27, which is more than *six weeks* away, and out of sync with the rationale Google provided. Google has no chance of receiving a stay pending a writ of mandamus (either from this Panel or the Second Circuit), and this Panel cannot use its equitable powers to gift Google even more than that underlying relief by labeling the stay "administrative." A stay, administrative or otherwise, is an invocation of equitable powers that requires a finding of extraordinary circumstances. Those circumstances are plainly lacking. The stay should be dissolved, or at a minimum, the Panel should shorten it dramatically to permit expeditious review and resolution of the "emergency" Google proclaims. If the stay remains in place, the Panel should re-set the briefing schedule to require a response by June 20, a reply by June 23, and a decision to follow. To be meaningful, the relief requested in this motion should be resolved by June 16.

## BACKGROUND

After Congress passed the State Antitrust Enforcement Venue Act at the end of last year, the Plaintiff States moved this Panel for remand of their cases from the multidistrict litigation in the Southern District of New York. The Plaintiff States asked for expedited resolution of their motion,

1

which the Panel denied, noting that there was no need to depart from the ordinary course. Dkt. 230. In the meantime, the United States and a consortium of other states filed suit in the Eastern District of Virginia, with a trial scheduled in early 2024. The Panel granted Plaintiff States' motion, holding that "[t]he Section 1407(g) amendment is plainly a procedural rule." Dkt. 84 at 3. In arguing otherwise, "Google ma[de] **no attempt** to address *Ex parte Collett* and *National City Lines*, which are highly relevant to the analysis of whether a new venue provision (in those cases, Section 1404) applies to pending cases," and so "left undisputed that, under governing Supreme Court precedent, changes in venue statutes are procedural and thus presumptively apply to all pending actions." *Id.* (emphasis added). Devoid of background rules or precedent, Google relied on "legislative history," which was, as usual, "unpersuasive." *Id.* Immediately after the remand order issued, Google began arguing that State Plaintiffs should have no role in coordinating discovery in the MDL, implying the case was as good as remanded to Texas. *See* No. 1:21-md-03010, Dkt. 568 at 1, n.1.

One week after losing before this Panel—but after the State Plaintiffs filed a status conference request with Judge Jordan in Texas requesting a trial date—Google filed an emergency motion seeking an administrative stay of the transfer order, and a stay pending the resolution of its yet-to-be-filed petition for a writ of mandamus. Google demanded a ruling by 5:00 p.m. the same day. Dkt. 251. It argued it was likely to succeed on the merits, purporting to distinguish *Ex parte Collett* and *National City Lines for the first time*, but never explaining why the Panel or the Second Circuit should forgive its forfeiture. It cited no case that has *ever* granted a petition for a writ of mandamus preventing a remand order from this Panel—much less one based on a reasoned decision addressing a statutory interpretation question of first impression. Nonetheless, Google proclaims the Second Circuit is *likely* to grant its mandamus petition.

2

The Panel did not find (i) that Google has even a substantial chance of prevailing under the highly demanding standard the law imposes on a petitioner seeking the extraordinary writ of mandamus; (ii) that Google will be irreparably harmed absent a stay; (iii) that the Plaintiff States will not be harmed by a stay; or (iv) that the public interest favors disturbing the status quo. And the Panel did not receive Plaintiff States' response to Google's emergency motion.[1] The Panel nonetheless granted Google *even more* equitable relief than it asked for under the guise of an "administrative" stay, holding the transfer order until *at least* July 27, when the Panel plans to consider the emergency motion for a stay. Dkt. 252. July 27 is the Panel's next hearing session, not an emergency sitting. The Panel set a deadline to respond of 18 days (3 days less than the Panel's Rules require), with a reply due 7 days later (precisely the amount allowed by the Panel's Rules).

## ARGUMENT

The stay the Panel granted is improper and should be dissolved. In the alternative, it extends far too long and should be shortened—along with the briefing deadlines—to ensure that it is tailored to the supposed emergency Google believes exists. In either case, the Panel should act by Jun 16.

A stay, no less than an injunction, is an equitable power constrained by traditional equitable principles. Under the All Writs Act, a stay must be, at minimum, "agreeable to the usages and principles of law." 28 U.S.C. § 1651. "[E]quity is flexible; but in the federal system, at least, that flexibility is confined within the broad boundaries of traditional equitable relief." *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 322 (1999). The usages and principles of law prohibit "resolv[ing] a conflict between considered review and effective relief by reflexively holding

---

[1] This Motion is *not* that response. Rather, it is a separate request for the Panel to dissolve an improper stay and, in the alternative, to set a more appropriate briefing schedule so a response can be expeditiously entered.

3

a final order in abeyance pending review." *Nken v. Holder*, 556 U.S. 418, 427 (2009).  Rather, courts carefully consider "four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Id.* at 434 (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).  The Panel did not find that Google met a single one of these factors.  That should be the beginning and the end of the inquiry, and the stay should be dissolved.

Nothing about styling the stay "administrative" changes the analysis.  It is of course true that courts have discretion to control their dockets, and so can modify default briefing schedules and hearing dates to serve the needs of a particular motion.  But any stay must conform to traditional principles of equity.[2]  Just as a stay pending appeal—in the rare case where one is warranted—is entered to permit the appellate court to adjudicate the dispute before the consequences of the ruling under review take effect, the so-called "administrative" stay here is ostensibly necessary so this Panel can consider Google's underlying, emergency motion for a stay pending mandamus before the consequences of the order granting remand are felt.  And so just as a stay pending appeal could not issue without satisfying the four-pronged equitable test, *Nken*, 556 U.S. at 427, an "administrative" stay pending resolution of Google's motion must meet a similarly rigorous equitable test.  Were it otherwise, a court could always sidestep *Nken*'s holding by styling a stay as one to consider a stay, affording all of the underlying equitable relief without meeting a single equitable factor.

---

[2] *But see Doe #1 v. Trump*, 944 F.3d 1222, 1225-26 (9th Cir. 2019) (Bress, J., dissenting); *Nat'l Urb. League v. Ross*, 977 F.3d 698, 705 (9th Cir. 2020) (Bumatay, J., dissenting).

Google cannot meet a single one of the equitable factors. It cannot possibly show that this panel committed a clear and unmistakable error of law when Google forfeited the key argument it belatedly raises for the first time in its Motion. And the public interest is hardly served by further delaying state Plaintiff States from restoring competitive markets in an industry worth trillions of dollars. Besides that, Google's tactics to delay the State Plaintiffs' trial beyond the United States' trial are patent. Gamesmanship, not the public interest, drive Google's motion practice before this Panel.

Even if the Panel determines that equity favors *some* stay pending Google's Motion, the equitable relief should be tailored to the emergency Google describes. A six-week delay—with essentially a usual-course briefing and hearing schedule—is inappropriate. Administrative stays, when granted, are typically much shorter. For example, in *Bragg v. Pomerantz*, No. 23-615-L, 2023 WL 3015207, (2d Cir. Apr. 19, 2023), the Second Circuit required a response be filed within *two days*, a reply the day after, and committed to resolving it in "the first available [motion] panel." *Id.* at *1; see also, e.g.*, *In re Abbott*, 800 F. App'x 293, 296 (5th Cir. 2020) (granting a short administrative stay, but requiring a response one day later and a reply two days after that).

Two guideposts are relevant in determining how long is too long. First, though not binding by its terms, Rule 65 is instructive. That rule sets an outer limit of "14 days" on temporary restraining orders, with a hearing to be held at the "earliest possible time." Fed. R. Civ. P. 65(b). Here, that timeline is relevant because the State Plaintiffs had *no opportunity* to respond to Google's request for an administrative stay. Second, the timeline Google proposed for its mandamus petition is relevant. Google has committed to filing its mandamus petition "by no later than Tuesday, June 20, 2023," and requested "expedited briefing and consideration of this motion." Dkt. 251 at 2, 4. To grant the

5

administrative stay while largely rejecting Google's request to expedite the briefing and consideration of the motion is inconsistent. State Plaintiffs can move *at least* as quickly as Google can—the Response should be due June 20, with a reply due on June 23 (half the usual time).

In candor to the Panel, its administrative stay is not entirely unprecedented. Though rare, "administrative stays have occasionally lasted for several weeks." Rachel Bayefsky, *Administrative Stays: Power and Procedure*, 97 Notre Dame L. Rev. 1941, 1953 (2022). But there is no reason for this case to be an outlier, with the dubious distinction of ranking among the cases with the longest administrative stays in the federal court system. The issues are not complex. Google's June 20 mandamus petition will constitute a never-before-successful Hail Mary. The parties are more than able to brief all issues with urgency, and the Panel should be able to determine if a longer stay pending mandamus is warranted long before its July 27 hearing.

## **CONCLUSION**

The State Plaintiffs respectfully request that the administrative stay be dissolved within 14 days, and that the briefing deadlines be expedited to June 20 and 23 respectively. The State Plaintiffs request that the Panel rule on this motion by June 16.

Dated June 13, 2023

*/s/ W. Mark Lanier*
W. Mark Lanier
New York Bar No.: 4327284
Alex J. Brown
New York Bar No.: 4593604
Zeke DeRose III
**THE LANIER LAW FIRM, PLLC**
Mark.Lanier@LanierLawFirm.com
Alex.Brown@LanierLawFirm.com
Zeke.DeRose@LanierLawFirm.com
Tower 56
126 East 56th Street, 6th Floor New York, NY 10022
(212) 421-2800

Respectfully submitted,

*/s/ Ashley Keller*
Ashley Keller
Jason A. Zweig
New York Bar No. 2960326
**KELLER POSTMAN LLP**
ack@kellerpostman.com
jaz@kellerpostman.com
150 N. Riverside Plaza, Suite 4100
Chicago, IL 60606
(312) 741-5220


Zina Bash
**KELLER POSTMAN LLP**
Zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

Noah S. Heinz
**KELLER POSTMAN LLP**
Noah.heinz@kellerpostman.com
1100 Vermont Avenue, N.W.,
12th Floor
Washington, D.C. 20005
(202) 918-1123

*Attorneys for Plaintiffs States of Texas Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

*And on behalf of all Plaintiff States*