## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | MDL. No. 3010 |

*This document relates to:*

| | |
|---|---|
| STATE OF TEXAS, et al.,<br><br>*Plaintiffs,*<br><br>-against-<br><br>GOOGLE LLC,<br><br>*Defendant.* | No. 1:21-cv-06841 (PKC) (S.D.N.Y.)<br>No. 4:20-cv-957 (SDJ) (E.D. Tex.) |

**DEFENDANT GOOGLE LLC'S RESPONSE TO THE PLAINTIFF STATES' EMERGENCY MOTION TO LIFT THE ADMINISTRATIVE STAY**

Boris Feldman
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
(650) 461-8200
boris.feldman@freshfields.com

Eric Mahr
Julie S. Elmer
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com
julie.elmer@freshfields.com

*Counsel for Defendant Google LLC*

On Monday, June 12, 2023, morning, Google LLC filed a motion pursuant to JPML Rules 6.1 and 6.3 seeking three forms of relief: (1) a stay of the Panel's June 5 remand order pending Google's appeal by writ of mandamus; (2) a temporary administrative stay to permit the Panel to consider the stay motion before the transfer directed by the remand order occurred, which would happen on Tuesday, June 13, 2023; and (3) expedited briefing and consideration of its motion. *See* Emergency Motion and Memorandum in Support, *In re Google Dig. Advert. Antitrust Litig.*, No. 3010 (J.P.M.L. June 5, 2023), ECF No. 251, 251-1.

Late Monday afternoon, the Panel issued a minute order in which it stated:

> The Panel has determined that a temporary administrative stay is warranted to allow full briefing and consideration of the Emergency Motion for Stay Pending Appeal, and thus STAYS the remand order pending further order of the Panel. The Panel will consider the matter at its bimonthly hearing session on July 27, 2023. The briefing schedule is expedited as follows: Responses due on or before 6/30/2023. Reply, if any, due on or before 7/6/2023. Signed by Judge Karen K. Caldwell, Chair, PANEL ON MULTIDISTRICT LITIGATION, for the Panel on 6/12/2023. Associated Cases: MDL No. 3010, TXE/4:20-cv-00957.

Minute Order, *In re Google Dig. Advert. Antitrust Litig.*, No. 3010 (J.P.M.L. June 5, 2023), ECF No. 252. This Minute Order preserves the Panel's ability to consider Google's motion for a stay pending mandamus review, sets consideration of that motion for the Panel's next sitting, and ensures the motion will be fully briefed three weeks in advance of that sitting.[1]

Late Tuesday evening, the State Plaintiffs filed what they styled as an "emergency" motion, although it does not identify any impending emergency. The motion asks the Panel to "dissolve or greatly shorten" the administrative stay and to "reset" the briefing schedule for Google's motion, and it wrongly criticizes the Panel for "g[iving] Google far more than it asked for." State Plaintiffs'

---

[1] So long as this case remains in the MDL, Google anticipates that it will continue to treat State Plaintiffs as participants in that litigation, including by meeting and conferring with them over the scope of discovery and by producing documents to them (as Google did on Tuesday, June 13).

1

Emergency Motion at 1, *In re Google Dig. Advert. Antitrust Litig.*, No. 3010 (J.P.M.L. June 5, 2023), ECF No. 253.  The State Plaintiffs also appear to complain that the Panel does not plan to hold an "emergency sitting" and instead will consider Google's motion at its "next hearing session."  *Id.* at 3.

The State Plaintiffs' motion should be denied.

First, the motion incorrectly asserts that the Panel was required to analyze the four stay factors from *Nken v. Holder*, 556 U.S. 418 (2009) in granting an administrative stay.  The State Plaintiffs cite no authority for this position.  An administrative stay preserves the status quo to give a court (or the JPML) time to consider and rule on a motion seeking a stay or other emergency relief, which is precisely what the Panel's administrative stay here accomplishes.  *See, e.g.*, *Nat'l Urb. League v. Ross*, 977 F.3d 698, 702 (9th Cir. 2020) (an administrative stay is based on "the need to preserve the status quo" and does not require analysis of the *Nken* factors; evaluating administrative-stay request under those factors would "erroneously collapse[] the distinct legal analyses for an administrative stay and a motion for stay pending appeal"); *Cobell v. Norton*, No. 03-5262, 2004 WL 603456, at *1 (D.C. Cir. Mar. 24, 2004) (per curiam) ("The purpose of this administrative stay is to give the court sufficient opportunity to consider the merits of the motion for a stay pending appeal and should not be construed in any way as a ruling on the merits of that motion.").  Neither of the cases involving administrative stays that the State Plaintiffs cite (at 5) applied the *Nken* factors, and the law review article that they cite—when they eventually offer in "candor to the Panel" at the end of their motion—agrees that courts typically do not and should not consider the *Nken* factors because administrative stays are a "docket-management device" to preserve the status quo so that a court can rule on the merits of a request for emergency relief.

Rachel Bayefsky, *Administrative Stays: Power and Procedure*, 97 Notre Dame L. Rev. 1941, 1947, 1953 (2022).

Second, the Panel's administrative stay does not give Google "far more than it asked for," which is likely why no citation follows the motion's assertion. State Plaintiffs' Emergency Motion at 1; *see also id.* at 3 (similar). Google asked (among other things) for an administrative stay until its stay motion could be fully briefed and ruled on, which is what the Minute Order granted. The State Plaintiffs' real complaint seems to be that they think the Panel should have set a different and faster briefing schedule for Google's motion. But the briefing schedule is a matter of discretion, *see* JPML Rule 6.1(e), and the State Plaintiffs have identified no reason that the Panel's schedule amounts to an abuse of discretion. Indeed, when offering "candor," the State Plaintiffs admit it was not. State Plaintiffs' Emergency Motion at 6. The time period for a Rule 65 temporary restraining order does not govern administrative stays, and Google's commitment to filing its mandamus petition by Tuesday, June 20, 2023, does not change that Google seeks a stay of the transfer *through resolution* of its mandamus petition to ensure the Second Circuit retains jurisdiction to reverse the remand order if it agrees with Google on the statutory interpretation question.

Third, as Google will address in its reply in support of the motion to stay, the State Plaintiffs' argument that Google's stay motion should be denied based on forfeiture fundamentally misunderstands that concept. Google has not forfeited any argument. Google argued, in opposing remand, that at both the first and second steps of the *Landgraf*-required analysis for retroactivity, the statutory amendment here cannot be applied retroactively to undo transfers that have already occurred. Its mandamus petition will make the same argument. Although the Panel cited to *Ex parte Collett*, 337 U.S. 55 (1949), and *United States v. National City Lines, Inc.*, 337 U.S. 78

3

(1949) as support for its view that the statutory amendment at issue here is procedural, Google's consistent position has been that the label—substantive or procedural—is not dispositive. Neither *Ex parte Collett* nor *National City* apply the required analysis set out in *Landgraf* step one or *Landgraf* step two, and neither case concludes that a newly promulgated provision on venue applied retroactively to undo an already completed transfer. Moreover, it is black letter law that the Second Circuit "may entertain additional support that a party provides for a proposition presented below." *Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 221 (2d Cir. 2006); *accord Yee v. City of Escondido*, 503 U.S. 519, 534 (1992) (once a party has preserved an issue, it can "make any argument in support of that claim" on appeal, "parties are not limited to the precise arguments they made below"); *see also Everytown for Gun Safety Support Fund v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 984 F.3d 30, 38 n.4 (2d Cir. 2020) (noting parties are "not confined" "to the same arguments which were advanced in the courts below" on the "federal question there discussed" (internal quotation marks and citation omitted)).

## CONCLUSION

The Minute Order granting an administrative stay and setting a briefing schedule for Google's motion for a stay pending appeal by writ of mandamus should remain in place.

Google reiterates, as set out in its Emergency Motion, that if this Panel is inclined to lift the administrative stay or deny Google's requested stay pending appeal, Google still requests an administrative stay of at least seven days from that ruling to allow Google the opportunity to seek stay relief from the Second Circuit before the transfer takes place.

Dated: June 15, 2023                                Respectfully submitted,

                                                    /s/ Eric Mahr
                                                    Eric Mahr
                                                    Julie S. Elmer

                                                FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
(202) 777-4545

Boris Feldman
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
(650) 461-8200