# UNITED STATES JUDICIAL PANEL
### on
# MULTIDISTRICT LITIGATION

**IN RE: GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION**                                    MDL No. 3010

## TRANSFER ORDER

**Before the Panel:**  Defendants Google LLC and Alphabet, Inc. (together, Google) move under Panel Rule 7.1 to vacate the order conditionally transferring the action listed on Schedule A (*Rumble*) to MDL No. 3010.  Plaintiff Rumble Canada Inc. (Rumble) opposes the motion and supports transfer.

After considering the argument of counsel, we find that *Rumble* involves common questions of fact with the actions transferred to MDL No. 3010, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  In our order establishing MDL No. 3010, we explained that "[t]he actions concern Google's alleged monopolization and suppression of competition in online display advertising" – an industry that involves high-speed electronic trading venues called "exchanges" that advertisers and online publishers use to manage the buying and selling of ad space on web sites and mobile apps.  *See In re Digital Advertising Antitrust Litig.*, 555 F. Supp. 3d 1372, 1373 (J.P.M.L. 2021).  We observed that the actions commonly alleged that Google runs the largest ad exchange ("AdX") and has engaged in numerous kinds of unlawful acts to suppress competition, causing injuries to advertisers and publishers that participate in its exchange by imposing supracompetitive pricing and depriving them of revenue.  *See id.* at 1373-74.  Like the actions in the MDL, *Rumble* alleges that Google has monopolized or suppressed competition in digital display advertising.  Moreover, *Rumble* alleges many of the same business practices as the MDL plaintiffs in support of its claim that Google has violated federal antitrust law – for example, unlawful tying of its ad exchange to its ad server for publishers and an unlawful agreement to undermine the alleged "header bidding" threat to Google's ad exchange. The federal antitrust claims in *Rumble* – monopolization, attempted monopolization, unlawful tying, and unlawful agreement in restraint of trade – also overlap with the federal antitrust claims in the MDL.

In opposition to transfer, Google principally argues that (1) individual questions of fact in *Rumble* predominate over common ones because Rumble will focus on online video advertising, which Google asserts may differ from online display advertising; (2) the MDL is too procedurally advanced to include *Rumble*; and (3) informal coordination is an adequate alternative to achieve efficiencies.  We find these arguments unpersuasive.

-2-

First, significant common questions of fact are plainly evident from the *Rumble* complaint. The complaint alleges that Google unlawfully has monopolized online display advertising, including markets for ad servers, ad buying tools, and ad exchange, and that this alleged conduct has harmed Rumble.[1]   Additionally, the complaint alleges that the Google-Facebook agreement at issue in the MDL eliminated Rumble's access to the "header bidding" alternative to Google's AdX.[2]

The alleged "predominance" of case-specific factual issues is no obstacle to transfer. Section 1407 does not require that common questions of fact predominate over unique factual questions.  *See* 28 U.S.C. § 1407(a) ("When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.").  Section 1407 does not require even a majority of common issues of fact; rather, it requires that actions share "one or more" common issues of fact.  *See In re Katz Interactive Call Processing Patent Litig*., 481 F. Supp. 2d 1353, 1355 (J.P.M.L. 2007) ("Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer.").  To the extent predominance is relevant, it is only one factor that the Panel considers in determining whether transfer will result in significant efficiencies for the parties, witnesses, and the courts.

In any event, Google's assertion that the MDL does not include online video advertising issues is inaccurate.  The *Inform* tag-along action in the MDL involves an online video company alleging that Google has monopoly power in the market for online video advertising – allegations that overlap with the video advertising allegations in the *Rumble* action.  *See In re Google Digital Advert. Litig.*, 2024 WL 988966, at *1 (S.D.N.Y. Mar. 7, 2024).

The advanced status of the MDL does not weigh against transfer.  Significant pretrial proceedings in the MDL remain.  Expert discovery is ongoing, and summary judgment briefing has not yet begun.  Furthermore, the voluminous fact discovery previously produced in the MDL likely is relevant to Rumble's claims.  The transferee court is in the best position to supervise the

---

[1] *See, e.g., Rumble* Am. Compl. ¶ 283 ("Google has monopoly power, or at a minimum, a dangerous probability of acquiring monopoly power, in the relevant online display advertising markets, including the market for publisher ad servers, the ad exchange and ad network markets, and in the markets for ad buying tools"); ¶ 19 ("Rumble monetizes its content through placing ads that are displayed before, during, after, and alongside videos that appear on Rumble's platform. To do this, Rumble must utilize an ad server, which manages Rumble's available advertising inventory. . . . Rumble was a customer of Google's ad server.").

[2] *See, e.g., Rumble* Am. Compl. ¶¶ 38-39 ("Google and Facebook reached an agreement, known within Google as the Jedi Blue Agreement, that removed Facebook from header bidding . . . . Facebook abruptly informed Rumble that it would cease offering the header bidding services that Rumble had been using extensively . . . . The impact on Rumble was immediate and severe; greatly reducing its ad-revenue and almost causing Rumble to go out of business.").

-3-

sharing of that common discovery.  Informal coordination is not an efficient alternative to transfer considering these circumstances.

If the transferee judge finds at any point during the pretrial proceedings that inclusion of *Rumble* will not serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation, Section 1407 remand of the action to its transferor court can be accomplished with a minimum of delay.  *See* Panel Rules 10.1-10.3.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable P. Kevin Castel for inclusion in the coordinated or consolidated pretrial proceedings.


PANEL ON MULTIDISTRICT LITIGATION


_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION**                                     MDL No. 3010

## SCHEDULE A

<u>Northern District of California</u>

RUMBLE CANADA, INC. v. GOOGLE LLC, ET AL., C.A. No. 5:24−02880