BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | MDL No. 3010 |

### REPLY IN SUPPORT OF PLAINTIFF ANSOUMANE KANDE'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-12)

The Panel should vacate CTO-12 or, at a minimum, stay that transfer order until Plaintiff's remand motion is decided by the Northern District of California, where the *Kande* action has been pending since Google removed the case from California state court.

It is clear that, contrary to Google's argument, transfer would not promote the just and efficient conduct of the actions, as required by 28 U.S.C. § 1407(a). To the contrary, transferring the *Kande* action to the MDL court, where discovery is closed and Judge Castel is considering a plethora of summary judgment and class certification briefing, would prejudice Plaintiff Kande, particularly in the event that jurisdictional discovery is necessary to decide whether more than one-third of the putative class in that case consists of citizens of states other than California, for purposes of applying CAFA's home state exception. *See* Federal Judicial Center, *Manual for Complex Litigation*, § 20.11 (4th ed. 2004) ("Cases should not be consolidated if it would result in increased delay and other unnecessary burdens on parties, such as having to participate in discovery irrelevant to their cases.").

Transfer prior to the resolution of Plaintiff Kande's remand motion would require the MDL court to consider that motion, and likely would require Kande to file a motion to re-open discovery in the MDL in order to allow jurisdictional discovery to proceed in that court, just when the MDL court is deciding dispositive motions filed in the multiple cases coordinated before it. Such an outcome would not be just or efficient.

Google defends its removal of this case under CAFA on the basis that Plaintiff defined the class he seeks to represent as "persons and entities in California," rather than as "citizens of California," and argues it is too late to amend that class definition now that Google has filed a notice of removal. Google's position in this regard would elevate form over substance and ultimately will be rejected, if not at the August 7, 2025, hearing on Kande's motion to remand in the Northern District of California, then after Plaintiff Kande has conducted jurisdictional discovery to conclusively demonstrate that those two formulations of the putative class present a distinction without a difference, and that more than two-thirds of the putative class consists of California citizens rendering the complaint subject to jurisdiction of California state courts under CAFA's home state exception, 28 U.S.C. §§ 1332(d)(3) & (d)(4)(B). At a minimum, the Panel should delay any transfer of this action until after Kande's motion to remand has been resolved.

Google's Appendix A to its Opposition demonstrates only that the Kande complaint is, in fact, quite different from the MDL Advertiser Complaint. Google's Appendix begins at Paragraph 25 of the *Kande* complaint, demonstrating that the prior paragraphs have no corollary in the MDL Complaint; it purports to compare 73 paragraphs between the two complaints, but the *Kande* complaint includes 252 paragraphs and the MDL Complaint includes 407 paragraphs, meaning that even Google admits the great majority of Kande's allegations have no corollary in the MDL Complaint; and Google's Appendix shows that many of the 73 paragraphs it purports to compare are in fact different from one another ("Copied in part," according to Google), and not identical, as Google suggests.

Among the unique allegations of Kande's complaint is an entire section entitled "Prayer for Public Injunctive Relief," which describes how Plaintiff Kande "seeks injunctive relief that ultimately will help a much wider swath of society than the California-based class of advertisers

whom Plaintiff seeks to represent." *Kande* Compl. ¶ 246; *see also id.* ¶¶ 247-52 (describing in greater detail the injunctive relief that Kande seeks and how it qualifies as public injunctive relief under California law). No such allegations were before the MDL court when it held that the complaints before it did not seek public injunctive relief because they "did not articulate how the public at large would benefit from injunctive relief." (1:21-md-03010-PKC (S.D.N.Y) Dkt. 903). Plaintiff Kande, by contrast, has done just that.

Google argues that the injunctive relief Kande seeks was already decided, and is "nothing new." However, Google compares only a single paragraph from each complaint (¶ 247 of the *Kande* Complaint and ¶ 405 of the MDL Complaint). Google omits any reference to the entire section of the *Kande* complaint regarding public injunctive relief, which was not in the MDL Complaint. *Kande* Complaint ¶¶ 246-52. While Google admits that the MDL court found the Advertisers' pleading of a public benefit to be "cursory and superficial," it ignores the *Kande* Complaint's additional, more detailed allegations intended to address the deficiency articulated by the MDL court on which Google now relies.

Google is wrong to characterize the MDL court's ruling compelling the named plaintiffs before it to arbitration as a general holding that any and all advertiser plaintiffs, whatever allegations (and whatever legal and factual arguments) they may advance against Google fail to seek "public injunctive relief" within the meaning of California law. Plaintiff Kande's allegations clearly seek public injunctive relief, which Google's arbitration provisions would prohibit him from pursuing at all. Such a provision is unenforceable under California law, which the *Kande* lawswuit will demonstrate in California state courts applying California law. *See, e.g.*, *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 952 (2017) (holding that an arbitration agreement that waives the right to seek public injunctive relief under the UCL "is contrary to California public policy and is

thus unenforceable under California law"). There is nothing untoward in Kande's attempt to vindicate his own right, as a Californian, and the rights of other similarly situated Californians, to seek such relief.

For all the reasons enunciated in Kande's motion to vacate, and in this reply, Plaintiff Kande respectfully requests that the Panel vacate CTO-12. Alternatively, Plaintiff requests that the Panel stay its decision on transfer until the district court has ruled on Plaintiff's Motion to Remand to State Court.

Dated: June 23, 2025

Respectfully submitted,

*/s/ Tina Wolfson*
Tina Wolfson
Theodore W. Maya
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
twolfson@ahdootwolfson.com
tmaya@ahdootwolfson.com

Dena C. Sharp
Scott Grzenczyk
Mikaela M. Bock
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dsharp@girardsharp.com
scottg@girardsharp.com
mbock@girardsharp.com

*Counsel to Plaintiff Ansoumane Kande in Kande v. Google LLC, No. 25-cv-03733-AMO (N.D. Cal.)*