**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**


IN RE: GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION                                                     MDL No. 3010


**TRANSFER ORDER**


**Before the Panel:**[*]  Plaintiffs in the actions listed on Schedule A (*OpenX, PubMatic,* and *Magnite,* together "the ad exchange actions") move under Panel Rule 7.1 to vacate the orders conditionally transferring their actions to the Southern District of New York for inclusion in MDL No. 3010.  Defendant Google LLC opposes the motions and supports transfer.

After considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 3010, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  In our order establishing MDL No. 3010, we explained that "[t]he actions concern Google's alleged monopolization and suppression of competition in online display advertising" – an industry that involves high-speed electronic trading venues called "exchanges" that advertisers and online publishers use to manage the buying and selling of ad space on web sites and mobile apps.  *See In re Digital Advertising Antitrust Litig.*, 555 F. Supp. 3d 1372, 1373 (J.P.M.L. 2021).  We observed that the actions commonly alleged that Google runs the largest ad exchange ("AdX") and has engaged in numerous unlawful acts to suppress competition.  *See id.* at 1373-74.  *OpenX, PubMatic,* and *Magnite* are actions brought by ad exchange companies that compete with Google.  Like the actions in the MDL, they each allege that Google has monopolized and suppressed competition in digital display advertising – specifically, the ad exchange market and the publisher ad server market.  Moreover, their complaints each allege many of the same business practices as the MDL plaintiffs in support of their claim that Google has engaged in anticompetitive conduct – for example, Google's acquisition of the DoubleClick publisher ad server, Google's alleged attempt to eliminate a competitive threat to its ad exchange known as "header bidding," tying of Google ad tech products, and a Google program ("Project Poirot") that allegedly manipulated a Google platform used by large advertisers to direct transactions to AdX and away from rival exchanges.  Thus, the actions will benefit from common discovery and pretrial proceedings, including dispositive motions.

In opposition to transfer, plaintiffs principally assert that (1) justice and efficiency are best promoted by permitting their actions to proceed in their chosen forum, the Eastern District of Virginia, so that their actions can be decided by the judge who tried the related governmental

---

[*]  Judge Madeline Cox Arleo did not participate in the decision of this matter.

-2-

enforcement action brought by the United States and certain state attorneys general ("the DOJ action");[1] (2) there will be few common factual issues to be litigated in the MDL due to the collateral estoppel impact from the liability opinion in the DOJ action, which they expect will resolve nearly all the common liability issues; (3) competitor actions raise unique damages issues, which have not been part of the MDL to date; and (4) the MDL is too advanced to include competitor actions.  The judges in both the transferee and transferor courts undoubtedly are knowledgeable about the issues raised in *OpenX, PubMatic*, and *Magnite.*  Considering the totality of circumstances, we find that the overlap between these actions and the MDL and the ongoing pretrial proceedings in the MDL support transfer.

First, the ad exchange actions and the MDL share common factual issues as to Google's alleged monopolization of the ad exchange and publisher ad server markets and tying of its publisher ad server to its ad exchange – three of the core issues on the MDL.  Plaintiffs' expectation that collateral estoppel will eliminate the need to litigate these issues is unavailing.  As a threshold matter, we do not decide the merits of the actions in deciding the question of transfer.  *See, e.g., In re Fluoroquinolone Prods. Liab. Litig.*, 122 F. Supp. 3d 1378, 1380 (J.P.M.L. 2015) ("[t]he framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations") (citations and internal quotation marks omitted).  Thus, the applicability of collateral estoppel cannot be presumed in deciding whether there are sufficient common factual issues to be litigated.  Further, even if collateral estoppel is found to apply in the actions at issue, common factual questions concerning at least one unresolved liability issue – Google's "Project Poirot" – are raised by the ad exchange actions and the MDL.  No plaintiff disputes this overlap. In our judgment, the transferee judge can most efficiently preside over any discovery that the ad exchange plaintiffs wish to take and the anticipated dispositive motions.

Second, the allegedly different nature of plaintiffs' damages does not weigh against transfer.  They assert that the measure of damages for competitors (lost profits and diminished scale) is distinct from the measure of damages for the MDL plaintiffs (overcharges from supracompetitive pricing imposed on publishers and advertisers).  But the question of damages likely will involve common factual issues such as the duration of harm and the volume of impacted transactions, as Google asserts.  Furthermore, the question of private damages is a central issue in the MDL, but not in the DOJ action.  In any event, the transferee judge has the discretion to employ separate tracks or other appropriate pretrial management techniques to address any differences among the MDL actions, as we observed in our order establishing this MDL.  *See In re Digital Advertising Antitrust Litig*., 555 F. Supp. 3d at 1376.  Should the transferee judge determine that the continued inclusion of one or more of the ad exchange actions is not warranted, he can suggest remand with a minimum of delay.  *See* Panel Rules 10.1–10.3.

---

[1] *See United States v. Google,* No. 23-00108 (E.D. Va. filed Jan. 24, 2023).  Section 1407(g) exempts federal and state enforcement actions arising under federal antitrust law from centralization under Section 1407.  Judge Leonie M. Brinkema held a bench trial in the DOJ action in late 2024 and issued the liability opinion in April 2025.  *See United States v. Google,* 778 F. Supp. 3d 797 (E.D. Va. 2025).

-3-

Third, the advanced status of the MDL does not weigh against transfer.  Whether the continued inclusion of tag-along actions is appropriate is based upon a review of the status of the MDL proceedings and an assessment of the relative merits of transferring additional cases.  *See In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig*., 659 F. Supp. 2d 1371, 1372 (J.P.M.L. 2009).  Here, the transferee judge has developed an expertise in the complex ad tech issues presented in this litigation and is well-situated to rule on the issues raised by the ad exchange actions.  Indeed, he recently issued a decision in five actions on whether collateral estoppel bars Google from relitigating the Sherman Act issues decided in the DOJ action.[2]  Moreover, significant pretrial proceedings in the MDL are ongoing, including summary judgment briefing and supplemental discovery.  Additionally, over the past five months, four new related actions have been directly filed in the transferee court.  These new filings, as well as the ad exchange actions before the Panel, indicate that there is a continued need to determine the extent to which supplemental discovery is appropriate and to coordinate proceedings on overlapping pretrial motions.  Transfer of the ad exchange actions to the MDL also will avoid inconsistent rulings on discovery and other pretrial motions.

We reject plaintiffs' alternative request to transfer their actions for the limited purpose of resolving motions to dismiss and summary judgment motions concerning collateral estoppel.  The Panel routinely "leave[s] to the discretion of the transferee judge all issues related to the conduct of the pretrial proceedings" when transferring actions to an MDL.  *See In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prods. Liab. Litig*., 936 F. Supp. 2d 1379, 1380 n.3 (J.P.M.L. 2013).

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable P. Kevin Castel for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
David C. Norton              Roger T. Benitez
Dale A. Kimball

---

[2] *See In re Google Digital Advertising Antitrust Litig.*, No. 21-md-3010, 2025 WL 3012840 (S.D.N.Y. Oct. 27, 2025).

**IN RE: GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION**                                        MDL No. 3010

**SCHEDULE A**

<u>Eastern District of Virginia</u>

OPENX TECHNOLOGIES, INC., ET AL. v. GOOGLE LLC, C.A. No. 1:25−01282
PUBMATIC, INC. v. GOOGLE LLC, C.A. No. 1:25−01482
MAGNITE, INC. v. GOOGLE LLC, C.A. No. 1:25−01541